# CV 08 0479

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 04 2008 ★

LONG ISLAND OFFICE

_____ x   CASE NO.

LORRAINE M. ROSSI, an individual; on behalf of
herself and all others similarly situated,

Plaintiffs, (S.F.)

- against -

CREDIT BUREAU OF NAPA VALLEY, INC., a
California Corporation, d/b/a CHASE
RECEIVABLES; and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25, BEING FICTITIOUS
NAMES OF UNIDENTIFIED PERSONS WHO
CONTROL THE POLICIES AND PRACTICES
INVOKED BY CREDIT BUREAU OF NAPA
VALLEY, INC. d/b/a CHASE RECEIVABLES,

Defendants.

_____ x

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## FEUERSTEIN, S

## AZRACK, M.

## I.

## PRELIMINARY STATEMENT

1.     Plaintiff, LORRAINE M. ROSSI ("Plaintiff" or "ROSSI"), on her own behalf and

on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for

the illegal practices of Defendant, CREDIT BUREAU OF NAPA VALLEY, INC. d/b/a CHASE

RECEIVABLES ("Defendant" or "CHASE") who used false, deceptive and misleading

practices, and other illegal practices, in connection with its attempts to collect alleged debts from

the Plaintiff and others. The Plaintiff alleges that the Defendant's collection practices violate the

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

2.     Such practices include, *inter alia*:

(a)     Leaving telephonic voice messages for consumers, which fail to provide

        meaningful disclosure of Defendant's identity; and

(b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector and that the purpose of the call is an attempt to collect a debt.

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993).

5.      To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

7.      The Plaintiff, on behalf of herself and all others similarly situated, seeks actual damages, statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.

## PARTIES-PLAINTIFFS

8.      ROSSI is a natural person who, at all times relevant to this complaint, resided in City of New York, Richmond County, New York.

9.      Defendant has asserted that ROSSI incurred a financial obligation to Victorias Secret/Wrld Fin Bnk for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.     ROSSI is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## III.

## PARTIES-DEFENDANTS

11.    CREDIT BUREAU OF NAPA VALLEY, INC. d/b/a CHASE RECEIVABLES is, at all times relevant to this complaint, a for-profit corporation existing pursuant to the laws of the State of California and doing business under a fictitious name. CHASE maintains its principal business address at 1247 Broadway, City of Sonoma, Sonoma County, California.

12.    CHASE collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet and is, therefore, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13.    Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities once they are ascertained.

14.    The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by CHASE's employees which are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by CHASE and, therefore, are personally liable for all of the wrongdoing alleged in this complaint.

**IV.**

**JURISDICTION & VENUE**

15.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16.     Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the Plaintiff's claims occurred within this federal judicial district, and because the Defendant regularly transacts business within this federal judicial district.

**V.**

**FACTS REGARDING PLAINTIFF**

17.     Sometime prior to September 2007, ROSSI allegedly incurred a financial obligation to Victorias Secret/Wrld Fin Bnk and defaulted on that obligation, which is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

18.     ROSSI is informed and believes, and on that basis alleges, that sometime prior to September 2007, Victorias Secret/Wrld Fin Bnk either directly or through *mesne* transactions assigned, placed, transferred, or sold the debt to CHASE for collection.

19.     Beginning in or about September 2007, and continuing thereafter, ROSSI began receiving the following automated and pre-recorded telephonic voice message on her home telephone answering machine:

> Hello.  We have a very important call for Lorraine Rossi.  If this is Lorraine Rossi, please press "1" now.  Once again, this is an important call for Lorraine Rossi.  If this is Lorraine Rossi, please press "1" now.   We have a very important call for Lorraine Rossi.  This is not a telemarketing call.  Please have them call us back at 800-622-0484 and refer to account number 2404101.  Once again, the number to call is 800-622-0484 and refer to account number 2404101.  Thank you.  Goodbye.

20.     Beginning in or about September 2007, and continuing thereafter, ROSSI also began receiving the following automated and pre-recorded telephonic voice message on her home telephone answering machine:

> Hello. This is a very important message for Lorraine M. Rossi. This is not a sales or marketing call. Please call us back at 1-800-622-0484 regarding reference number 2404101. Again, this is a very important message for Lorraine M. Rossi. Please call us back at 1-800-622-0484 regarding reference number 2404101. Thank you.

21.     Each of the automated and pre-recorded telephonic voice messages referenced above in Paragraphs 19 and 20 are hereinafter collective referred to as the "Chase Messages".

22.     Each of the Chase Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     Each of the Chase Messages was left by persons employed as debt collectors by CHASE in connection with the collection of a debt.

24.     Plaintiff did not know who was leaving her the Chase Messages because the messages neither disclosed the identity of the caller or the purpose of the call.

25.     Each of the Chase Messages are false, deceptive, and misleading and that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

26.     The Chase Messages are false, deceptive, and misleading insofar as the Defendant failed to disclose the purpose of its call or that it is a debt collector, thereby circumventing Congress's intent to permit Plaintiff to make an informed decision as to whether she wished to speak with a debt collector.

27.     Whatever minor variations that may exist, the Chase Messages all uniformly failed to provide/state:

(a)     Meaningful disclosure of CHASE's identity as the caller;

(b)     that the communication was from a debt collector; and

(c)     the purpose of the communication (i.e., an attempt to collect a debt).

28.     On September 27, 2007, an individual lawsuit was filed against CHASE in the United States District Court for the Southern District of Florida, which also involved the exact same types of telephonic voice messages as the Chase Messages. That lawsuit is styled as, *Gustavo B. Sampaio v. Credit Bureau of Napa County Inc. d/b/a Chase Receivables*, Case No. 1:07-cv-22515-FAM.

## VI.

## POLICIES AND PRACTICES COMPLAINED OF

29.     It is the policy and practice of the Defendant to leave pre-recorded telephonic voice messages for consumers and other persons, such as the Chase Messages, which uniformly fail to provide the following information:

(a)     Meaningful disclosure of CHASE's identity as the caller;

(b)     that the call is from a debt collector; and

(c)     the purpose of the call (i.e., an attempt to collect a debt).

30.     The Chase Messages, as alleged in this complaint under the facts regarding Plaintiff, number in the thousands, all of which fail to disclose that the caller's identity or that the caller is a debt collector attempting to collect a debt.

## VII.

## <u>CLASS ALLEGATIONS</u>

31.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32.     The First Plaintiff Class consists of all persons with addresses in the United States of America who received a pre-recorded telephonic voice message from the Defendant, which message failed to identify CHASE as the caller, and which was left during the one-year period immediately preceding the filing of this complaint, but before the date of class certification.

33.     The Second Plaintiff Class consists of all persons with addresses in the United States of America who received a pre-recorded telephonic voice message from the Defendant, which message failed to identify CHASE as a debt collector or state that the purpose of the communication was an attempt to collect a debt, and which was left during the one-year period immediately preceding the filing of this complaint, but before the date of class certification.

34.     The identities of all class members are readily ascertainable from the records of CHASE and those companies and governmental entities on whose behalf CHASE attempts to collects debts.

35.     Excluded from the classes are all members, partners, managers, and directors of CHASE, its employees and officers, and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36.     The class period is one year prior to the filing of the complaint in this action for all claims under the FDCPA.

37.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's pre-recorded telephonic voice messages, such as the Chase Messages referenced above, violate 15 U.S.C. §§ 1692d(6) or 1692e(11).

38.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

39.    The Plaintiff will fairly and adequately protect the interests of the classes defined in this complaint. The Plaintiff has retained counsel with experience in handling class action litigation involving FDCPA claims and other similar consumer statutes, and neither the Plaintiff nor her attorney have any interests, which might cause them not to vigorously pursue this action.

40.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the classes defined above are so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's pre-recorded telephonic voice messages, as referenced above, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members alleged herein. Plaintiff and all members of the Plaintiff classes alleged herein

have claims arising out of the Defendant's common course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. The Plaintiff has also retained counsel experienced in handling consumer lawsuits and complex legal issues. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

41.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a) The questions of law and fact common to members of the classes predominate over any questions affecting an individual member; and

(b) A class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

## VIII.

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

42.     Plaintiff realleges and incorporates by reference the allegations, as more fully set forth above, 1 through 41 of this Complaint as if set forth at length herein.

43.     The Defendant violated the FDCPA. The Defendant's violations with respect to the Chase Messages include, but are not limited to, the following:

(a)     Placing telephone calls without meaningful disclosure of CHASE's identity as the caller in violation of 15 U.S.C. § 1692d(6).

(b)     Failing to disclose in its initial communication with the consumer that CHASE is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11).

(c)     Failing to disclose in subsequent oral communications that CHASE is a debt collector in violation of 15 U.S.C. § 1692e(11).

## IX.

### PRAYER FOR RELIEF

44.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the putative classes as follows:

A.     For the FIRST CAUSE OF ACTION:

(1)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Classes as previously set

forth and defined above.

(2)     An award of the maximum statutory damages for the Plaintiff and the Classes pursuant to 15 U.S.C. § 1692k(a)(B);

(3)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(4)     For such other and further relief as may be just and proper.


DATED:          Haines Falls, New York
                January 25, 2008

                                        _____
                                        ROBERT L. ARLEO, ESQ. (RA-7506)
                                        164 Sunset Park Road
                                        Haines Falls, NY 11749
                                        Telephone:  (518) 589-5264
                                        Facsimile:   (518) 751-1801
                                        *Attorney for Plaintiff, LORRAINE M. ROSSI,*
                                        *and all others similarly situated*

## X.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demand a trial by jury against the Defendants,

and each of them, for each cause of action so triable.


DATED:      Haines Falls, New York
            January 25, 2008

ROBERT L. ARLEO, ESQ. (RA-7506)
164 Sunset Park Road
Haines Falls, NY 11749
Telephone:  (518) 589-5264
Facsimile:   (518) 751-1801
*Attorney for Plaintiff, LORRAINE M. ROSSI,*
*and all others similarly situated*